UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES C. PARKS,

    Plaintiff,

    v.

TULALIP RESORT CASINO,

    Defendant.

Case No. C09-1219RSL

ORDER GRANTING
MOTION TO DISMISS

## I. INTRODUCTION

This matter comes before the Court on a motion to dismiss filed by defendant the Tulalip Resort Casino. Defendant contends that plaintiff's claims are barred by collateral estoppel, and even if they are not, the Court lacks subject matter jurisdiction over the matter based on tribal sovereign immunity. Defendant further argues that even if the Court had jurisdiction, plaintiff has failed to exhaust his administrative remedies and has sued under laws that do not apply to defendant.

For the reasons set forth below, the Court grants defendant's motion.

## II. DISCUSSION

**A.  Background Facts.**

Plaintiff contends that he experienced discrimination based on his race during his

ORDER GRANTING
MOTION TO DISMISS - 1

employment with defendant. He worked for defendant from 2003 until, he alleges, he was constructively discharged in September 2008.

In September 2007, plaintiff filed a complaint against defendant in this district. Parks v. Tulalip Resort Casino, Case No. 07-1406RSM. Plaintiff alleged discrimination based on his race, which he identified as African American/Native American. By order dated March 19, 2008, the Honorable Ricardo S. Martinez granted defendant's motion and dismissed plaintiff's complaint based on tribal sovereign immunity. (Dkt. #22).

After his lawsuit was dismissed, plaintiff filed two successive suits in Tulalip Tribal Court alleging discrimination. Both complaints were dismissed with prejudice and plaintiff did not appeal either dismissal.

Plaintiff filed a second federal court action in February 2009, contending that he was subjected to race discrimination. This Court construed the suit and a subsequently filed motion as a request to reopen the first federal lawsuit, so the Court transferred the matter to Judge Martinez to determine if the first case should be reopened. Judge Martinez declined to reopen the first case. Plaintiff filed this action, his third federal lawsuit, in August 2009.

**B.     Analysis.**

The issue of tribal sovereign immunity is jurisdictional. See, e.g., Pan Am. Co. v. Sycuan Bond of Mission Indians, 884 F.2d 416, 418 (9th Cir. 1989), overruled on other grounds by C&L Eters., Inc. v. Citizen Band Potawatomi Indian Tribe, 532 U.S. 411 (2001). The Court must dismiss the matter if it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). In evaluating a motion to dismiss for lack of subject matter jurisdiction, the Court may consider affidavits and testimony outside the pleadings to determine whether jurisdiction exists. See, e.g., St. Clair v. City of Chico, 880 F.2d 199, 201 (9th

ORDER GRANTING
MOTION TO DISMISS - 2

Cir. 1989).

Defendant contends that collateral estoppel applies to the issue of whether it is entitled to sovereign immunity. Collateral estoppel applies if (1) the issue necessarily decided at the previous proceeding is identical to the one sought to be relitigated, (2) the first proceeding ended with a final judgment on the merits, and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party to the first proceeding. See, e.g., Hydranautics v. FilmTec Corp., 204 F.3d 880, 885 (9th Cir. 2000). In plaintiff's first suit, Judge Martinez held that defendant is an arm of the Tulalip Tribes, and as such, is entitled to sovereign immunity. This case presents the same issue. The first action ended with a final judgment on the merits, and the parties were the same in both cases. Accordingly, collateral estoppel precludes plaintiff from relitigating the issue of whether defendant enjoys sovereign immunity.

Even if collateral estoppel were inapplicable, the Court would still conclude that defendant is entitled to sovereign immunity. Tribes are immune from lawsuits in federal courts absent Congressional abrogation or a clear waiver by the tribe. See, e.g., Kiowa Tribe v. Mfg. Technologies, Inc., 523 U.S. 751, 754 (1998). The Supreme Court has extended tribal sovereign immunity to tribes' commercial and governmental activities. Id. at 760. Immunity extends to entities established by a tribe to conduct activities when the entity functions as an arm of the tribe. See, e.g., Allen v. Gold Country Casino, 464 F.3d 1044, 1047 (9th Cir. 2006). In this case, as in *Allen*, defendant has presented ample evidence to show that it is a casino dependant upon several layers of government approval, its purpose is to promote tribal economic development, among other things, and the Casino has served that purpose. Id. at 1046; Sheldon Decl. at ¶¶ 7, 9, 10; Kettler Decl. at ¶¶ 2, 3; Jones Decl. at p. 142. For those reasons, defendant has established that it

ORDER GRANTING
MOTION TO DISMISS - 3

functions as an arm of and under the auspices of the tribe.

Plaintiff has not argued that Congress abrogated the tribe's sovereign immunity. Instead, he argues that the tribe has waived it through the Corporate Charter of the Tulalip Tribes of the Tulalip Reservation (the "Charter"). Plaintiff has not cited any evidence to support his contention that defendant was formed under the Charter, and defendant has filed unrebutted evidence that it was not. Instead, it is a governmental agency of the Tulalip Tribes. Kettler Decl. at ¶ 2-3; Sheldon Decl. at ¶ 7; Second Sheldon Decl. at ¶ 2. Accordingly, plaintiff has not shown that defendant has waived its sovereign immunity. Based on that immunity, plaintiff's complaint must be dismissed for lack of subject matter jurisdiction. Because dismissal is appropriate on that basis, the Court need not consider defendant's other arguments in favor of dismissal.

Finally, the Court notes that defendant did not move for sanctions against plaintiff, even though he filed a second lawsuit after the first one that raised the same issue was dismissed with prejudice. If plaintiff files another lawsuit alleging employment discrimination against defendant, the Court will consider whether to impose sanctions against plaintiff for violating General Local Rule 3 and Federal Rule of Civil Procedure 11, which require that all claims have factual support and be warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. If imposed, sanctions may include dismissing any subsequently filed suit and/or requiring plaintiff to pay the costs defendant incurred defending against such a suit.

### III. CONCLUSION

For all of the foregoing reasons, the Court GRANTS defendant's motion to dismiss (Dkt. #19). The Clerk of the Court is directed to enter judgment in favor of

ORDER GRANTING
MOTION TO DISMISS - 4

1  defendant and against plaintiff.

3  DATED this 26th day of April, 2010.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING
MOTION TO DISMISS - 5